Reversed and Remanded and Memorandum Opinion filed March 7, 2006









Reversed and Remanded and Memorandum Opinion filed March 7, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00938-CV

____________

 

MICHAEL PATRICK O=DONOVAN, Appellant

 

V.

 

KATHLEEN SCHNEEMAN
O=DONOVAN, Appellee

 



 

On Appeal from the 245th
District Court

Harris County, Texas

Trial Court Cause No. 02-01861

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Michael Patrick O=Donovan, appeals
the trial court=s entry of a qualified domestic relations
order (AQDRO@) in favor of
appellee, Kathleen Schneeman O=Donovan.  We reverse the QDRO and remand the cause to
the trial court for a new evidentiary hearing. 
         On June 7, 2002, the trial
court signed an agreed final decree of divorce.[1]  The divorce decree divided three pension
plans, one of which, the Houston Firefighters= Relief and
Retirement Fund (the ARetirement Fund@), is related to
Michael=s employment with
the Houston Fire Department and is the subject of this appeal.  With respect to the Retirement Fund, the
divorce decree awarded the following to Kathleen:

6.       50%
of Respondent=s [Michael=s] interest in the
Houston Firemen=s Pension System retirement benefits
multiplied by a fraction, the numerator of which is 16 [years] and the
denominator of which is the number of years of Respondent=s [Michael=s] total service
with the Houston Fire Department.

The divorce decree similarly awarded the following to
Michael:

4.       50%
of Respondent=s [Michael=s] interest in the
Houston Firemen=s Pension System retirement benefits
multiplied by a fraction, the numerator of which is 16 years, and the
denominator of which is the number of years of Respondent=s [Michael=s] total service
with the Houston Fire Department.

The relevant statute allows for enrollment
in a Deferred Retirement Option Plan (ADROP@) when a member
has achieved twenty years= service. 
Tex. Rev. Civ. Stat. Ann.
art. 6243e.2(1), ' 5(a) (Vernon Supp. 2005).  The parties agree that at the time of the
entry of the agreed decree of divorce, Michael had not been employed as a
firefighter for twenty years and was not eligible to participate in the DROP
and, at the time of this appeal, he was still not eligible to participate in
the DROP.  

The appellate record does not contain a
copy of the Plan, the Plan procedures, or any testimony by the Plan
Administrator.  Nonetheless, apparently
in accordance with the Plan Administrator=s refusal to award
Kathleen an interest in any DROP account, the trial court entered the following
QDRO:  








5. 
Division of Benefit.  As part of a just
and right division of the estate of the parties, the Court hereby awards to the
Alternate Payee FIFTY AND NO/100 PERCENT (50.00%) of each payment
otherwise payable to Participant from the Plan multiplied by a fraction
the numerator of which is the number of months Participant and Alternate Payee
were married during which the Participant was employed and made contributions
to the Plan and the denominator of which is the number of months Participant
was employed and made contributions to the Plan as of date of Participant=s retirement or DROP entry date,
whichever shall first occur.  This paragraph does
not award Alternate Payee any interest in any monthly amounts credited to any
DROP account established for Participant under the terms of the Plan. . . . 

6.  DROP Account.  Notwithstanding any other provision of this
Order, Alternate Payee shall not share in any portion of the contributions to
or distributions from a DROP account established under the Plan on behalf of
Participant.[2]  

Because the Plan Administrator considers
the formula cut-off date to be the Adate of
participant=s retirement or DROP entry date, whichever
shall first occur,@ the Administrator purportedly will not
pay Kathleen any benefits from any potential DROP account, and the trial court=s order reflects
that.  However, the trial court also
included a Asupplemental provision@ in its order
directing Michael, as constructive trustee, to pay Kathleen her pro rata share
of any payment he may receive from any potential DROP account:  

This portion of this Order is intended
to describe in detail certain additional benefits under the Plan awarded to Kathleen
Schneeman O=Donovan in the Agreed Final Decree of
Divorce in this Matter.  Certain Plan
rules and procedures relating to the qualification and administration of QDROs
prohibit the payment of certain benefits to Kathleen Schneeman O=Donovan that have accrued during the
parties= marriage.  This Order is intended to set forth the Court=s order with respect to those
benefits.








The following
paragraphs of this Order are not intended to be portions of the Qualified
Domestic Relations Order entered in this matter, but are intended to be
additional orders of the Court related to the Plan nonetheless.  The following paragraphs are not intended to
be qualification issues related to the status of this Order as a qualified domestic
relations order as set forth in Chapter 804, Title 8, Texas Government Code and
in applicable plan rules.  The
following paragraphs do not require any action by the Plan.[3]

The Afollowing
paragraphs@ referenced in the supplemental provision
describe additional benefits awarded to Kathleen, which include portions of the
DROP account, as well as future disability pension benefits,[4]
annual supplemental benefits, etc.  

As previously observed, the Plan and Plan
procedures are not included in the record, and there is no testimony from the
Plan Administrator concerning the Plan that was in effect at the time of the
agreed divorce decree.  Without such
evidence, we cannot ascertain whether the subject order complies with the
agreed decree of divorce.  

Accordingly, the order of the trial court
is reversed and we remand this case to the trial court for a new evidentiary
hearing consistent with this opinion.  

 

 

 

 

 

/s/      Margaret Garner Mirabal

Senior Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed March 7, 2006.

Panel
consists of Justices, Frost, Seymore, and Mirabal.[5]











[1]  The parties
were married for almost 16 years.  





[2]  Emphasis in
original.  





[3]  Emphasis in
original.





[4]  Michael was
not receiving disability benefits at the time of the divorce, or at the time of
this appeal.





[5]  Senior Justice
Margaret Garner Mirabal sitting by assignment.